UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

CLINT EDWARDS,

                Plaintiff,

      -against-                             **ORDER**

Z. TROTTER, C. MAXY, S. KNOWLES,        24 Civ. 02125 (NSR)(JCM)
EBONY PINO, AND C. BENNETT,

                Defendants.

-------------------------------------------------------X

     Presently before the Court is *pro se* plaintiff Clint Edwards' ("Plaintiff") application for the appointment of *pro bono* counsel. (Docket No. 79). For the reasons set forth below, the Court denies Plaintiff's request with leave to renew should circumstances change.

     Although there is no constitutional right to counsel in civil cases, the Court has the authority to appoint an attorney for any person unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). However, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (citation omitted). The Court should undertake a two-step inquiry in analyzing whether appointment of counsel is appropriate. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court should "determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61). Second, the Court should consider other factors such as Plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a

1

just determination." *Ferrelli*, 323 F.3d at 203-04 (quoting *Hodge*, 802 F.2d at 61-62). As the Court "does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Ramey v. Dep't of Corr. (NYDOCS)*, No. 13-Civ-17 (CM), 2013 WL 1867342, at *1 (S.D.N.Y. May 2, 2013).[1]

This is Plaintiff's first application for the appointment of *pro bono* counsel in this matter. Upon review of the record, the Court notes that Plaintiff was granted leave to proceed *in forma pauperis* on March 22, 2024. (Docket No. 5). Thus, Plaintiff has demonstrated that he is indigent and cannot afford counsel. *See Martinson v. U.S. Parole Comm'n*, No. 02 Civ. 4913 (DLC)(DF), 2004 WL 203005, at *3 (S.D.N.Y. Feb. 2, 2004). The Court further assumes for the purposes of this application that Plaintiff's claims may have merit.

The Court has reviewed the entire record, including Plaintiff's current application for appointment of counsel, and considered the type and complexity of this case, as well as Plaintiff's ability to represent himself. Based on this review, the Court determines there are no complex issues involved. In addition, Plaintiff has independently filed the Complaint, (Docket No. 1), an Amended Complaint, (Docket No. 12), a request to proceed *in forma pauperis*, (Docket No. 2), and several letters to the Court regarding discovery, (*see, e.g.*, Docket Nos. 72, 76). He has also reached out to attorneys while in custody, but "none of them were willing to take his case." (Docket No. 79 at 2). Further, discovery is scheduled to be completed on November 7, 2025, and Plaintiff has already proceeded without an attorney through practically

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

2

the entire discovery process. Thus, he has shown an ability to represent himself. Accordingly, Plaintiff's application for appointment of counsel is denied with leave to renew should circumstances change. *See Ramey*, 2013 WL 1867342, at *1-2.

Dated: October 29, 2025
       White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge