UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

CLINT EDWARDS,

                Plaintiff,

    -against-                                                              **ORDER**

Z. TROTTER, C. MAXY, S. KNOWLES,                          24 Civ. 2125 (NSR)(JCM)
EBONY PINO, and C. BENNETT,

                Defendants.

-------------------------------------------------------X

Presently before the Court is *pro se* plaintiff Clint Edwards' ("Plaintiff") application for the appointment of *pro bono* counsel. (Docket No. 106). For the reasons set forth below, the Court denies Plaintiff's request with leave to renew should circumstances change.

Although there is no constitutional right to counsel in civil cases, the Court has the authority to appoint an attorney for any person unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). However, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (citation omitted). The Court should undertake a two-step inquiry in analyzing whether appointment of counsel is appropriate. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court should "determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61). Second, the Court should consider other factors such as Plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a

just determination." *Ferrelli*, 323 F.3d at 203-04 (quoting *Hodge*, 802 F.2d at 61-62). As the Court "does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Ramey v. Dep't of Corr. (NYDOCS)*, No. 13-Civ-17 (CM), 2013 WL 1867342, at *1 (S.D.N.Y. May 2, 2013).[1]

This is Plaintiff's second application for the appointment of *pro bono* counsel in this matter. The undersigned denied Plaintiff's prior motion without prejudice on October 29, 2025. (Docket No. 80). Nothing has changed since that ruling. Accordingly, for the same reasons set forth in this Court's prior Order, Plaintiff's application for appointment of counsel is denied with leave to renew should circumstances change. *See Ramey*, 2013 WL 1867342, at *1-*2.[2]

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff.

Dated:  February 13, 2026
White Plains, New York

SO ORDERED:

JUDITH C. McCARTHY
United States Magistrate Judge

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

[2] The Court has scheduled a Telephone Conference in this case for March 12, 2026 at 11:00 a.m. (*See* Docket No. 104). If the parties indicate at that conference that they wish to engage in settlement discussions, the Court may consider appointing *pro bono* counsel to assist Plaintiff with settlement-related matters.