UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

CLINT EDWARDS,

                Plaintiff,

       -against-                         **ORDER**

Z. TROTTER, C. MAXY, S. KNOWLES,          24 Civ. 2125 (NSR)(JCM)
EBONY PINO, and C. BENNETT,

                Defendants.

--------------------------------------------------------X

       Presently before the Court is *pro se* plaintiff Clint Edwards' ("Plaintiff") letter request to reopen discovery for the limited purpose of re-doing his deposition, which occurred on March 4, 2026. (Docket No. 116).  Plaintiff states that he "[doesn't] agree" with the deposition because he did not have any of his legal paperwork in front of him; he also said he "might have [gotten] confused on some of the questions" because he has other open legal matters and is "entitled to properly defend [himself]." (*Id.* at 1-2).[1]  Defendants oppose the motion.[2] (Docket No. 118).  For the reasons set forth below, the Court denies Plaintiff's request.

---

[1] Plaintiff also stated in a separate letter, dated April 7, 2026, that he is "not agreeing to the d[e]position that was held on March 4, 2026," as he was "not prepared for it" and "didn't have [his] legal work." (Docket No. 114 at 1).

[2] Defendants oppose the motion for six reasons: (1) Plaintiff was asked at his deposition "before any questioning concerning the allegations of his complaint if there were any reasons why he could not testify fully and accurately that day and he replied in the negative"; only about five hours later – after answering all of Defendants' questions concerning his allegations – Plaintiff stated he could not testify accurately because the Bureau of Prisons ("BOP") "did not provide him with his 'legal work or paperwork'" to prepare; (2) Plaintiff's claim that he might have been confused on some of the questions is "without merit," as he responded in the affirmative to Defense counsel asking if he understood each of his questions after [counsel] clarified them"; (3) Plaintiff "can correct any answer he previously gave ... by listing the same on the errata sheets that [Defense counsel] provided to him; he is also "not entitled to know in advance the questions that will be asked at a deposition before the deposition, which [would] be the result" if provided with another chance to testify; (4) Plaintiff "has not provided any proof besides his own conclusory allegations that the BOP did not provide him with his legal papers before March 4, 2026"; (5) the BOP required Plaintiff's deposition to be conducted in person, causing considerable cost for Defendants' counsel; a second deposition will impose additional costs; and (6) Plaintiff "does not identify any specific instances of where he believes his answers could have been improved by having the papers he claims were unavailable to him at the time of the deposition." (Docket No. 118 at 1-2).

## I. BACKGROUND

On March 18, 2024, Plaintiff brought this case under 42 U.S.C. § 1983, alleging he was placed in keeplock status after accusing corrections officers of stealing items from his packages. (Docket No. 1). Plaintiff filed an amended complaint on July 2, 2024, (Docket No. 12), which Defendants answered on January 23, 2025, (Docket No. 39). On April 11, 2025, the Honorable Nelson S. Román issued a Civil Case Discovery Plan and Scheduling Order, directing all non-expert depositions to be completed by July 14, 2025, and all discovery to be completed by October 6, 2025. (Docket No. 52). The Court extended these discovery deadlines multiple times, principally due to difficulties scheduling Plaintiff's deposition. The Bureau of Prisons ("BOP") said Plaintiff's deposition needed to occur in-person, but moved Plaintiff to several different federal facilities throughout discovery; it took Defense counsel months to coordinate logistics. (*See, e.g.*, Docket Nos. 68, 75, 81, 82, 92, 95, 102, and 104; *see also* Minute Entries, dated November 10, 2025, and January 12, 2026). The deadline to complete Plaintiff's deposition was eventually extended to March 6, 2026, (Docket No. 104), almost eight months after the original non-expert deposition deadline; the parties confirmed during a telephone conference on March 12, 2026 that all discovery was complete except for the receipt of Plaintiff's deposition transcript. Discovery ultimately closed on April 6, 2026. (Docket No. 112).

Judge Román held a status conference with the parties on April 22, 2026. At that conference, Plaintiff told Judge Román he did not agree with his deposition testimony, and Judge Román instructed Plaintiff to write to the undersigned requesting to reopen discovery. (Docket No. 116 at 1). Following the conference, Judge Román granted Defendants leave to file a motion for summary judgment and set forth a briefing schedule. (Docket No. 115).

2

## II.  LEGAL STANDARD

Rule 16 permits the reopening of discovery "only for good cause and with the judge's consent." *Jeannite v. City of N.Y. Dep't of Bldgs.*, No. 09 Civ. 3464 (DAB)(KNF), 2010 WL 2542050, at *2 (S.D.N.Y. June 21, 2010)[3] (citing *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991)); *see also Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011).  As the moving party, Plaintiff bears the burden to establish good cause. *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. CV 05-776 (DRH)(AKT), 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008).  In determining whether good cause exists, courts consider:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Bakalar*, 851 F. Supp. at 493.  A key consideration is "whether there has already been adequate opportunity for discovery." *Id.*  The Second Circuit has also observed that "when alerted to a forthcoming motion for summary judgment, a party wanting more time for discovery should seek, through negotiation with the other party and, if necessary, through application to the district court, an appropriate discovery schedule.  A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need." *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927-28 (2d Cir. 1985).

---

[3] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

3

## III.  DISCUSSION

The Court finds that Plaintiff has failed to establish good cause to reopen discovery to redo his deposition.  Here, Plaintiff requested to reopen discovery over a month after the parties confirmed discovery was complete.  The Court gave the parties ample and adequate time for discovery, including multiple extensions to account for the difficulty in scheduling Plaintiff's deposition. *See Bakalar*, 851 F. Supp. 2d at 493.  Now, with summary judgment imminent and against Defendants' objections, *see id.*, Plaintiff seeks to reopen discovery because he is unhappy with his deposition testimony and felt he was not properly prepared.  Yet, as Defendants note, Plaintiff can correct any answer he previously gave on March 4, 2026 by using errata sheets. (Docket No. 118 at 2).  There is no reason to hold a second deposition merely because Plaintiff disagrees with some of his testimony.  Moreover, Plaintiff's assertion that he "might have got confused on some of the questions" can be remedied by the same errata sheets. (Docket No. 116 at 2).  In addition, the Court has reviewed the deposition transcript and agrees that Defense counsel adequately clarified questions as needed; Plaintiff also affirmed he understood the questions he was asked. (Docket No. 118 at 2).  Though Plaintiff mentioned he did not have his paperwork a few times throughout the deposition, (*see, e.g.*, Docket No. 119 at 60, 72, 106-07, 166, 171-74, 215), he only stated that his testimony could not be "fully accurate" due to a lack of preparation at the very end, when asked if there was anything else he wanted to add or change regarding his testimony, (*id.* at 220-22).[4]  Again, if Plaintiff believes some of his testimony was incorrect, he may use errata sheets to correct the record.

Further, Defendants will be prejudiced if the Court orders them to re-depose Plaintiff. *Bakalar*, 851 F. Supp. 2d at 493.  First, Defendants incurred substantial costs to conduct

---

[4] At the beginning of his deposition, Plaintiff was asked under oath if there were any reasons why he could not testify fully and accurately that day and he said "no." (Docket No. 119 at 9).

Plaintiff's deposition in-person; it will certainly require additional costs to do so again. (Docket No. 118 at 2).  Second, coordinating Plaintiff's deposition was very burdensome, particularly because the BOP frequently moved Plaintiff between facilities.  Defendants and this Court spent significant time and effort to accommodate Plaintiff's situation and resolve the issue.  Given these prior difficulties, coordinating another out-of-state, in-person deposition (that took months to schedule in the first instance), would likely be unduly burdensome and challenging.

Finally, in considering the other factors, the Court finds that they do not weigh in favor of ordering Defendants to re-depose Plaintiff.  As the parties confirmed on March 12, 2026 that discovery was complete, and Defendants are now preparing their motion for summary judgment, a need for additional discovery is not foreseeable. *See Bakalar*, 851 F. Supp. 2d at 493.  It is also unlikely that re-deposing Plaintiff will lead to relevant evidence, as Defendants confirmed they are satisfied with Plaintiff's original deposition and that Plaintiff can correct his answers as necessary. *Id.*  Accordingly, the Court denies Plaintiff's application to reopen discovery.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's application to reopen discovery for the limited purpose of re-doing his deposition is denied.  The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff.

Dated:  May 11, 2026
        White Plains, New York

                                        SO ORDERED:

                                        _____
                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge